JS 44 (Rev. 12/12)
# CIVIL COVER SHEET
The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
NATISHA ALMEIDA and BRUCE ROBINSON, HUSBAND AND WIFE

**DEFENDANTS**
TUAN A. LE, M.D.
DOYLESTOWN WOMEN'S HEALTH CENTER

14  6674

**(b)** County of Residence of First Listed Plaintiff: CAMDEN, NEW JERSEY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ANTHONY J. BARATTA, ESQUIRE    215-914-2222
BARATTA, RUSSELL & BARATTA
3500 Reading Way, Huntingdon Valley, PA 19006

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1322
Brief description of cause:
Claim for Medical Negligence

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE _____    DOCKET NUMBER _____

DATE: 11-6-14
SIGNATURE OF ATTORNEY OF RECORD: [signature]

NOV 14 2014

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

S.T.

**UNITED STATES DISTRICT COURT**

**14 6674**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5300 Sherwood Terrace, Pennsauke, NJ 08109

Address of Defendant: S: 708 Shady Retreat Road Suite 7, Doylestown, PA 18901

Place of Accident, Incident or Transaction: Doylestown, Bucks County, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Med Mal
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, ANTHONY J. BARATTA, ESQUIRE, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

NOV 14 2014

DATE: _____  _____  _____
               Attorney-at-Law               Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/6/14   _____(signature)_____   56287
                  Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

NATISHA ALMEIDA AND BRUCE ROBINSON, HUSBAND AND WIFE

v.

TUAN A. LE, M.D.
AND
DOYLESTOWN WOMEN'TS HEALTH CENTER

CIVIL ACTION

NO. **14  6674**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (xx)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| Date 11/7/14 | Attorney-at-law | ANTHONY J. BARATTA, ESQUIRE |
|---|---|---|
| | | Attorney for Plaintiffs |
| 215-914-2222 | 215-914-2118 | tony@barattarussell.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 1 4 2014



$400

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATISHA ALMEIDA AND BRUCE  :
ROBINSON, HUSBAND AND WIFE  :
5300 Sherwood Terrace  :
Pennsauken, NJ 08109  :
                      V.                            :             14    6674

TUAN A. LE, M.D.  :
708 Shady Retreat Road  Suite 7  :
Doylestown, PA 18901  :

    AND  :

DOYLESTOWN WOMEN'S HEALTH CENTER  :
708 Shady Retreat Road  Suite 7  :
Doylestown, PA 18901  :

## CIVIL ACTION COMPLAINT

**I.**    **JURISDICTION**

Jurisdiction is founded upon diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. §1322, in that Plaintiffs, Natisha Almeida and Bruce Robinson, husband and wife, are citizens and residents of the State of New Jersey and Defendants are located in the Commonwealth of Pennsylvania with places of business located therein and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

This Court has supplemental jurisdiction over the state law claims in this case pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the claims that are within this Court's original jurisdiction that they form part of the same case or controversy.

## II.     VENUE

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b), since the events giving rise to the claims set forth herein occurred within the jurisdiction of this Court.

## III.     PARTIES:

1.     Plaintiff, Natisha Almeida, hereinafter "Plaintiff" is an adult individual currently residing at 5300 Sherwood Terrace, Pennsauken, New Jersey 08109.

2.     Plaintiff, Bruce Robinson, hereinafter the spouse of Plaintiff, Natisha Almeida, is an adult individual currently residing at 5300 Sherwood Terrace, Pennsauken, New Jersey 08109.

3.     Defendant, Tuan A. Le, M.D. (hereinafter "Defendant Le") is a physician who at all times pertinent herein has been a specialist in obstetrics gynecology and who maintains his offices and a place of business at 708 Shady Retreat Road, Suite 7, Doylestown, Pennsylvania 18901.

4.     Defendant, Doylestown Women's Health Center (hereinafter "Defendant Health Center") is a corporation and/or other business entity which exists for the treatment and care of patients with obstetrical gynecologic needs with a principal place of business located at 708 Shady Retreat Road, Suite 7, Doylestown, Pennsylvania 18901.

5.     Defendant Le is a licensed professional and Plaintiffs are asserting a professional liability claim against this Defendant.

6.     Defendant Health Center is a licensed professional corporation/business entity and Plaintiffs are asserting a professional liability claim against this Defendant.

7. At all times pertinent hereto, Defendant Le was an agent, servant, workman and/or employee of Defendant Health Center and all actions of Defendant Le were in furtherance of his employment and/or agency relationships with Defendant Health Center.

8. At all times pertinent hereto, a physician/patient relationship existed by and between Defendants and Plaintiff, Natisha Almeida.

**FACTS:**

9. On April 11, 2013, Natisha Almeida presented to Defendant Le for her annual exam.

10. According to the records of Defendant Le, Plaintiff complained of blood in stool (bright red), cramps and light spotting between periods.

11. Defendant Le performed a pelvic examination which he concluded was normal. Defendant Le suggested she follow with her family physician regarding the blood in the stool.

12. Plaintiff next visited with Defendant Le on May 9, 2013.

13. Defendant Le's notes indicate that she was complaining of pelvic pressure and rectal bleeding. His note goes on to explain the testing she had received prior to the visit of May 9, 2013.

14. Defendant Le was in possession of the reports of all of the testing summarized in his note of May 9, 2013 at the time of that visit.

15. On May 9, 2013, Defendant Le was in possession and had reviewed the report of an Upper GI performed April 22, 2013 revealing normal air contrast Upper GI series with small bowel follow through.

16.     On May 9, 2013, Defendant Le was in possession and reviewed the report of the ultrasound of the abdomen done April 22, 2013 with the conclusion of a normal abdominal sonogram.

17.     On May 9, 2013, Defendant Le was in possession of, and reviewed, the report of the transvaginal ultrasound dated April 23, 2013, in which the reading radiologist wrote as his impression: "There is a non-peristalsing 6-cm. in diameter mass with extensive posterior acoustical shadowing posterior to the to the left ovary. Given the patient's clinical history and location of this mass, this most likely is a recto-sigmoid mass. Follow up imaging with CT of the pelvis including rectal contrast may be useful for further evaluation." It is alleged, and therefore averred that Dr. Le ordered a CT of the pelvis without contrast.

18.     On May 9, 2013, Defendant Le was in possession of, and reviewed, the colonoscopy report of May 6, 2013, which revealed anal fissure, 1 diminutive polyp and internal hemorrhoids.

19.     On May 9, 2013, Defendant Le was in possession of, and reviewed, the report of a CT Scan of the pelvis without contrast dated May 8, 2013, in which the reading radiologist noted as his impression: "Findings suspicious for somewhat poorly defined solid mass with epicenter in the cul-de-sac measuring at least 6 cm. in greatest dimension, contiguous length but likely separate from the recto-sigmoid colon. Please see above comments. In addition to soft tissue masses such as mesenchymal origin, pedunculated fibroid is possible. Malignancy cannot be excluded. Suggest pelvic MRI with contrast."

20.     Despite the recommendation of the reading radiologist of the transvaginal ultrasound performed April 23, 2013 to perform follow-up imaging with CT of the pelvis including rectal contrast, Dr. Le ordered a CT without contrast.

4

21.     Despite the recommendation of the radiologist reading the May 8, 2013 CT pelvis without contrast that a pelvic MRI with contrast be taken, Dr. Le ignored the suggestion.

22.     Despite having in his possession the written report of the radiologist who reviewed the CT scan of the pelvis without contrast, which recommended a pelvic MRI with contrast, Defendant Le telephoned Plaintiff to advise her that she had a tumor in her pelvis and needed an appointment with him, immediately, to discuss surgery.

23.     On May 9, 2013, Plaintiff visited with Defendant Le along with her mother, father and brother. Defendant Le explained that Plaintiff had a mass that was 6 cm. in size, the size of a potato. He thought it was non-cancerous. He explained that it may be a fibroid tumor. He advised that surgery was required immediately.

24.     On May 10, 2013, Defendant Le performed an exploratory laporatomy.

25.     Defendant Le noted in his Operative Report "exploration failed to reveal any pathologic structure corresponding to the imaging finding".

26.     Only post-operatively did Defendant, Dr. Le, personally view both the April 23rd transvaginal ultrasound and the May 8th CT scan films, the reports of which he used to justify the necessity for surgery.

27.     Defendant, Dr. Le, asked another radiologist, a Dr. Weatherby, to review both the ultrasound and CT Scan with him and according to Defendant Le's Discharge Summary, Dr. Weatherby concluded that there was no clear 6 cm. solid finding on ultrasound and CT scan and he suggested that an MRI should be ordered.

28.     However, Defendant Le was well aware that the radiologist who read the May 8th CT scan without contrast had recommended a pelvic MRI with contrast prior to surgery.

29. On May 11, 2013, while Plaintiff was being prepared to be discharged and while in great pain, Defendant Le called the Plaintiff on the hospital room phone. Plaintiff's husband answered and Defendant Le asked to speak with Plaintiff. Defendant Le explained to Plaintiff that he wanted to schedule an MRI, obtain it that day, and that they would not charge her insurance company for the film study. Then, Plaintiff was taken to radiology to have an MRI with contrast.

30. While enduring this MRI with contrast, Plaintiff was in tremendous pain and incredibly uncomfortable.

31. On May 13, 2013, Defendant Le called Plaintiff on the telephone. He explained that the MRI revealed that what he thought was a tumor was instead "a shadow" and that there was nothing to be worried about. Plaintiff then said to Defendant Le "I had surgery for" she paused, to which Defendant Le responded, filling in the pause, "Nothing".

32. In short, Defendant Le disregarded the recommendation of the radiologist reviewing the transvaginal ultrasound of April 23, 2013, in which he recommended follow up imaging with CT of the pelvis including rectal contrast by ordering a CT of the pelvis without contrast, failed to follow the recommendation of the radiologist who reviewed the CT scan of the pelvis done on May 8, 2014, to obtain a pelvic MRI with contrast, erred therefore in diagnosing a 6 cm. mass that needed to be emergently removed in surgery and, in doing surgery, did not perform a laparoscopic procedure but instead a laparotomy causing Plaintiff severe, permanent and unnecessary harm.

33. As a result of Defendant's negligence, Plaintiff, Natisha Almeida, was caused to suffer anxiety pre-surgery because she had been led to believe she possibly had a cancerous tumor that needed to be immediately removed, continues to suffer a mistrust of those persons in

the medical field charged with the responsibility for her care, lost several weeks of work, endured severe temporary pain and has been left with permanent scarring.

    34.    The injuries suffered by Plaintiff resulted solely from the negligence and carelessness of the Defendant and were in no manner to any act or failure to act on the part of the Plaintiff.

    35.    As a further result of the aforesaid negligence of Defendant, Plaintiff has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses all of which Plaintiff may continue to expend and incur into the future.

    36.    As a further result of the negligence of the Defendant, Plaintiff has or may suffer loss of earnings and impairment of earning capacity and power.

    37.    As a further result of the negligent actions of Defendant, Plaintiff suffered physical pain, mental anguish, humiliation and disfigurement and may continue to suffer the same for an indefinite time into the future.

    38.    As a further result of the Defendant's negligence, Plaintiff has suffered a diminution in her ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

**COUNT I**

**NATISHA ALMEIDA V. TUAN A LE, M.D.**

    39.    Plaintiff incorporates Paragraphs 1 through 38 as though each were fully and at length set forth herein.

    40.    The Defendant was negligent and careless in the following particular respects:

        (a)    failing properly to diagnose the condition from which Plaintiff was suffering;

(b) failing to properly monitor, evaluate and treat Plaintiff;

(c) failing to order, schedule and/or perform various pertinent follow-up diagnostic studies including a CT with contrast and an MRI with contrast;

(d) failing to consult with one or more physicians concerning Plaintiff's condition;

(e) increasing the risk of harm to Plaintiff by failing to perform exploratory surgery laparoscopically;

(f) failing to treat Plaintiff in such a way as to not cause harm;

(g) ignoring the recommendation made in the written report of a radiologist that a pelvic MRI with contrast be performed to confirm the suspicious mass;

(h) failing to utilize the appropriate skills and learning expected of a Board Certified obstetrician gynecologist to properly evaluate and diagnose Plaintiff's condition;

(i) acting in such a fashion as to eliminate Plaintiff's opportunity to avoid permanent and disfiguring scarring;

(j) the Plaintiff relied upon the performance of Defendant for the services he was retained to render and undertook to render and the failure of Defendant to exercise appropriate care increased the risk of harm to Plaintiff.

WHEREFORE, Plaintiff, Natisha Almeida, demands damages against Defendant, Tuan A. Le, M.D., jointly and severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs and damage for a pre-judgment delay.

## COUNT II

## NATISHA ALMEIDA

## V.

## DOYLESTOWN WOMEN'S HEALTH CENTER

41. Plaintiff incorporates by reference each and every of the allegations contained in Paragraphs 1 through 40 as though each were fully at length set forth herein.

42. Defendant Le was acting in the course and scope of his employment as an agent, employee, servant, officer or director of Defendant, Doylestown Women's Health Center.

43. Defendant Health Center is vicariously liable for the actions and/or commissions or omissions of Defendant Le as though the aforementioned entity performed those acts or omissions itself.

44. Defendant Health Center is liable to Plaintiff for the acts and omissions of its agent Defendant Le as a matter of vicarious liability.

45. The negligence and careless acts of Defendant Health Center by and through the acts of its agent, Defendant Le consists of but is not limited to:

    (a) failing properly to diagnose the condition from which Plaintiff was suffering;

    (b) failing to properly monitor, evaluate and treat Plaintiff;

    (c) failing to order, schedule and/or perform various pertinent follow-up diagnostic studies including a CT with contrast and an MRI with contrast;

    (d) failing to consult with one or more physicians concerning Plaintiff's condition;

  (e)  increasing the risk of harm to Plaintiff by failing to perform exploratory surgery laparoscopically;

  (f)  failing to treat Plaintiff in such a way as to not cause harm;

  (g)  ignoring the recommendation made in the written report of a radiologist that a pelvic MRI with contrast be performed to confirm the mass;

  (h)  failing to utilize the appropriate skills and learning expected of a Board Certified obstetrician gynecologist to properly evaluate and diagnose Plaintiff's condition;

  (i)  acting in such a fashion as to eliminate Plaintiff's opportunity to avoid permanent and disfiguring scarring;

  (j)  the Plaintiff relied upon the performance of Defendant for the services he was retained to render and undertook to render and the failure of Defendant to exercise appropriate care increased the risk of harm to Plaintiff.

WHEREFORE, Plaintiff, Natisha Almeida, demands damages against Defendant, Doylestown Women's Health Center, jointly and severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs and damage for a pre-judgment delay.

## COUNT III

### BRUCE ROBINSON

### v.

### TUAN A. LE, M.D. AND DOYLESTOWN WOMEN'S HEALTH CENTER

46. Plaintiff, Bruce Robinson, incorporates by reference the allegations set forth in Paragraphs 1 through 45 as though each were fully and at length set forth herein.

47. Plaintiff, Bruce Robinson, is the husband of Plaintiff, Natisha Almeida.

48. As a result of the injuries suffered by his wife, Plaintiff, Bruce Robinson, had and will in the future suffer the loss and deprivation of the usual services, society and consortium of his wife and has been required to perform special services and care to her.

WHEREFORE, Plaintiff, Bruce Robinson, demands damages against the Defendants, Tuan A. Le, M.D. and Doylestown Women's Medical Center both jointly and severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs and damage for a pre-judgment delay.

BARATTA, RUSSELL & BARATTA

BY: *[signature]*
ANTHONY J. BARATTA, ESQUIRE
Attorney for Plaintiffs

DATED: November 6, 2014

## DEMAND FOR TRIAL BY JURY

Plaintiff(s) hereby demand a trial by jury as to all issues raised by these pleadings.

BARATTA, RUSSELL & BARATTA

BY: _____
ANTHONY J. BARATTA, ESQUIRE
Attorney for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Anthony J. Baratta, Esquire, as trial counsel in this matter.

BARATTA, RUSSELL & BARATTA

BY: _____
ANTHONY J. BARATTA, ESQUIRE
Attorney I.D. No. 56287
The Loft at Woodmont
3500 Reading Way
Huntingdon Valley, PA 19006
(215) 914-2222
Attorney for Plaintiff

DATE: November 6, 2014