# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATISHA ALMEIDA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 14-6674 |
| TUAN A. LE, M.D., DOYLESTOWN WOMEN'S HEALTH CENTER, LLC, PAUL J. ADELIZZI, M.D., and MARK S. SILIDKER, M.D., | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **MAY 9, 2017**

      Presently before the Court is a Post-Trial Motion for Remittitur, or in the Alternative, a New Trial on Damages by Defendants Tuan A. Le, M.D. ("Dr. Le") and Doylestown Women's Health Center, LLC, and Plaintiff's Response to Post Trial Motion for Remittitur, or in the Alternative, a New Trial on Damages by Defendants Tuan A. Le, M.D. and Doylestown Women's Health Center, LLC. For the reasons set forth below, we deny the Motion.

## I.    BACKGROUND

      On May 10, 2013, Dr. Le performed an exploratory laparotomy surgery on Plaintiff, Natisha Almeida ("Almeida") at Doylestown Hospital for a pelvic mass, which was not found during surgery. (Defs.' Mem. Law Support Mot. Remittitur or New Trial at 2.) At trail, Almeida alleged that, as a result of Dr. Le's surgery, she suffers from abdominal scarring and infertility issues. (Id.) This medical malpractice case was tried from March 13, 2017, to March 17, 2017. The jury returned a verdict in favor of Almeida against Dr. Le and Doylestown Women's Health Center, LLC, in the amount of $625,000. (Id.)

Dr. Le and Doylestown Women's Health Center, LLC, assert that they are entitled to remittitur or, in the alternative, a new trial on damages because the damages awarded by the jury were excessive. (See Defs.' Mem. Law Support Mot. Remittitur or New Trial.) They argue that "the damages award in this case bears no resemblance to the nature of the case and/or the damages Plaintiff requested." (Id. at 8.) First, Defendants acknowledge that "Ms. Almeida had a scar on her abdomen that is an unavoidable result of any laparotomy." (Id.) However, they assert that she would have had an abdominal scar, anyway, as a result of a 2016 surgery that she needed to remove a uterine polyp that existed prior to Dr. Le's 2013 surgery, and the jury unreasonably attributed all scarring to Dr. Le's surgery. (Id. at 8-9.) Second, they argue that Almeida claimed that she was infertile as a result of Dr. Le's procedure, and she presented no competent evidence that she suffered infertility as a result of the procedure. (Id. at 1, 9-10.) According to the Moving Defendants, "[e]ven if this Court finds the weight of the evidence supports her infertility claim, the weight of the evidence shows that any fertility problems are more likely as a result of her history of STDs and Dr. Bowers['] 2016 surgery to remove a polyp in her uterus, rather than as a result of Dr. Le's 2013 surgery." (Id. at 9.)

## II. LEGAL STANDARD

"After a jury trial, a court 'may, on motion, grant a new trial on all or some of the issues - and to any party - . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court.'" Tax Matrix Techs., LLC v. Wegmans Food Markets, Inc., No. 13-6223, 2017 WL 1397218, at *1 (E.D. Pa. Apr. 19, 2017) (quoting Fed. R. Civ. P. 59(a)(1)). "In diversity cases in which state law 'governs the claims for relief,' state law also 'suppl[ies] the test for federal-court review of the size of the verdict.'" Id. at *1 (quoting Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 426 (1996); citing Browning-Ferris Indus. of Vt., Inc. v. Kelco

Disposal, Inc., 492 U.S. 257, 279 (1989) ("In reviewing an award of . . . damages, the role of the district court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered.")).

Pennsylvania law supplies the applicable standard for use in making a Rule 59(a) determination in this case.[1] See id.

> The grant or refusal of a new trial because of the excessiveness of the verdict is within the discretion of the trial court. This [C]ourt will not find a verdict excessive unless it is so grossly excessive as to shock our sense of justice. We begin with the premise that large verdicts are not necessarily excessive verdicts. Each case is unique and dependent on its own special circumstances and a court should apply only those factors which it finds to be relevant in determining whether or not the verdict is excessive.

Tillery v. Children's Hosp. of Phila., - A.3d -, No. 1508, 2017 WL 769822, at *9 (Pa. Super. Ct. Feb. 28, 2017), reargument denied (Apr. 24, 2017) (quoting Tindall v. Friedman, 970 A.2d 1159, 1177 (Pa. Super. 2009) (citations omitted)). The Pennsylvania Superior Court has enumerated a number of factors to consider when determining whether a jury's verdict is excessive:

> (1) the severity of the injury; (2) whether the plaintiff's injury is manifested by objective physical evidence or whether it is only revealed by the subjective testimony of the plaintiff (and, herein, the court pointed out that where the injury is manifested by broken bones, disfigurement, loss of consciousness, or other objective evidence, the courts have counted this in favor of sustaining a verdict); (3) whether the injury will affect the plaintiff permanently; (4) whether the plaintiff can continue with his or her employment; (5) the size of the plaintiff's out-of-pocket expenses; and (6) the amount plaintiff demanded in the original complaint.

Am. Honda Motor Co., Inc. v. Martinez, No. 445, 2017 WL 1400968, at *10 (Pa. Super. Ct. Apr. 19, 2017) (quoting Gbur v. Golio, 932 A.2d 203, 212 (Pa. Super. 2007)).

---

[1] Defendants assert that the more flexible standard for remittitur in Pennsylvania Rule of Civil Procedure 1042.72 applies to this case; however, it was rescinded on October 17, 2012, immediately effective. (Defs.' Mem. Law Support Mot. Remittitur or New Trial at 3-8.)

3

## III. **DISCUSSION**

Here, the damages awarded by the jury are not so grossly excessive as to shock one's sense of justice. As admitted by Moving Defendants, Almeida had a laparotomy scar from Dr. Le's 2013 surgery. (See Defs.' Mem. Law Support Mot. Remittitur or New Trial at 8.) Almeida argues that the assertion by Moving Defendants that she would have had a laparotomy scar, anyway, as a result of Dr. Bowers' 2016 polyp removal surgery is not supported by the record, and is disproven by her evidence through the deposition testimony of Richard L. Luciani, M.D. ("Luciani"), that was presented at trial:

> (1) the original 2013 laparotomy was unnecessary, Luciani, P 50:16-l8; (2) Dr. Bowers would not have needed to perform invasive surgery, only a hysteroscopy, to remove the polyp, Luciani, P 44-45; (3) Dr. Bowers' surgery, which was only a laparoscopy, not a laparotomy, was necessary only to evaluate the integrity of the left fallopian tube which was found, in that laparoscopy, to be encased in adhesions, Luciani, 45-46; (4) Dr. Bowers did not utilize in any way the original laparotomy scar unnecessarily created by Dr. Le but lysed the adhesions and removed the fallopian tube through the laparoscopic ports.

(Pl.'s Mem. Law Support Response Opp'n Defs.' Mot. Remittitur or New Trial at 6-7.) (citing Ex. A (Luciani's 3/13/2017 Dep. Tr., marked as Trial Ex. 79)).

Regarding Moving Defendants' argument that Almeida alleged that she was rendered infertile as a result of Dr. Le's surgery, we stress that she only asserted that she had fertility issues, not that she was infertile. Almeida asserts that Moving Defendants misstate the record by stating that:

> Plaintiff's evidence was not that she was infertile or that she suffered infertility due to Dr. Le's unnecessary surgery. Instead, the evidence presented was that she underwent an unnecessary surgery that led to abdominal scarring of her skin, which caused internal scarring or adhesions which necessitated a second surgery, which adhesions required extensive lysis, which adhesions damaged the left fallopian tube necessitating its removal, which lowered her index of fertility (which is substantially different than a claim of infertility). That internal adhesions would be caused by the Defendants' unnecessary 2013 laparotomy was corroborated by an uninterested witness; Dr.

4

Richard Murray, when he agreed that adhesions were a risk of a laparotomy. He testified as follows:

> Q: Doctor, when an abdominal surgery like this is performed on a 27 year old young lady when internal organs are being felt are adhesions a risk of this procedure.
>
> A: **Yes they are.**

(Id. at 7) (quoting Ex. C (7/26/2016 Dep. Tr. of Richard S. Murray, M.D., marked as Trial Ex. 16, p. 23:1-6)).

In this case, Almeida was a 27 year old woman who underwent an unnecessary surgery after being told that she has a mass in her pelvis that needed to be immediately removed only to be informed that the surgery was a mistake because there was no mass. The fact that there was no mass is very positive indeed; however, there can be no denying the incredible stress and worry suffered by Almeida believing that a mass existed requiring immediate removal. Additionally, she underwent surgery, which is painful and physically demanding, and requires a recovery period that is neither swift nor painless. The unnecessary surgery also resulted in a permanent laparotomy abdominal scar, as well as possible fertility issues due to the development of internal adhesions.

The jury was properly instructed on the law of non-economic damages twice. Obviously, they seriously considered the issue since, after some time deliberating, they requested that the Court instruct them a second time regarding the law of non-economic damages. Moving Defendants do not assert that there are any issues with the jury instructions or that any error was made at trial. They only assert that the jury's finding of $625,000 in damages was so excessive and unreasonable that it shocks the conscious. "A damages award 'shocks the conscience' if it 'simply is not reasonable and bears no rational relationship to the evidence presented at trial.'" Tax Matrix, 2017 WL 1397218, at *1 (quoting Davis v.

Steigerwalt, 822 A.2d 22, 28 (Pa. Super. Ct. 2003); citing Kiser v. Schulte, 648 A.2d 1, 4 (1994) ("A jury verdict is set aside . . . when it appears to have been the product of passion, prejudice, partiality, or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff.")). In this case, the jury's verdict in Plaintiff's favor against Moving Defendants' in the amount of $625,000 is reasonable and bears a rational relationship to the evidence presented at trial. We conclude that the jury's award of $625,000 in non-economic damages fell "within the uncertain limits of fair and reasonable." Renna v. Schadt, 64 A.3d 658, 671 (Pa. Super. Ct. 2013). In the exercise of our discretion, and based upon the evidence at trial, we do not believe that the verdict in the amount of $625,000 should be disturbed. Consequently, the Post-Trial Motion for Remittitur, or in the Alternative, a New Trial on Damages by Defendants Tuan A. Le, M.D. and Doylestown Women's Health Center, LLC, is denied.

      An appropriate Order follows.